AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Efren Tenorio-Comacho, and<br>Jhon Arboleda<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:21-mj-02134-EAJ<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 11, 2021__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b)<br>21 U.S.C. § 960(b)(1)(B)(ii) | Knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Gregory P. Satchwell, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 11/17/2021

_____
*Judge's signature*

City and state: Tampa, Florida

Elizabeth A. Jenkins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### Introduction and Agent Background

1. I, Gregory P. Satchwell, am a Special Agent with the Federal Bureau of Investigation (FBI), and am currently assigned to the Tampa Division. I have been an FBI Special Agent for approximately 12 years. I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine, heroin, and marijuana.

2. Since March 2018, I have been assigned as a Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), Coast Guard Investigative Service (CGIS), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

### Statutory Authority

3. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

    a.    **EFREN TENORIO-COMACHO,**

    b.    **JHON ARBOLEDA**

both of whom are Colombian nationals, for knowingly and willfully conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C § 960(b)(1)(B)(ii).

    4.    The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

    5.    The United States Coast Guard has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

### Probable Cause

    6.    On or about November 11, 2021, while on routine patrol in international waters of the Eastern Pacific Ocean, a Maritime Patrol Aircraft (MPA) detected two people floating in the water among numerous bales of suspected contraband approximately 193 nautical miles southeast of Isla del Coco, Costa Rica.

Sometime earlier, two other MPAs had detected a vessel in the same location that fit the profile of a "Go Fast Vessel" typically used in narcotics trafficking. U.S. Coast Guard Cutter (CGC) Hamilton was diverted to investigate the situation and provide rescue assistance. Hamilton launched a helicopter and long range interceptor (LRI) vessel to recover the persons in the water, who were brought on board the LRI in stable condition and reported being in the water for hours. The two persons recovered from the water were identified as EFREN TENORIO-COMACHO and JHON ARBOLEDA. TENORIO and ARBOLEDA explained that a third unnamed individual had been trapped in the webbing holding the suspected contraband together and had likely drowned.

7. The LRI located a third individual, deceased, beneath the surface at the scene. TENORIO and ARBOLEDA were transferred to the Hamilton, as was the deceased individual for preservation. Hamilton then deployed the LRI and an Over the Horizon vessel (OTH) to recover the suspected contraband.

8. Hamilton conducted two Narcotics Identification Kit (NIK) tests of the suspected contraband, which yielded positive for the presence of cocaine. Hamilton recovered a total of 52 bales of suspected cocaine, which yielded a total at sea weight of 1,903 kilograms.

9. The crew of the Hamilton conducted Right of Approach and Right of Visit (ROV) questioning of TENORIO and ARBOLEDA under Maritime Law Enforcement guidance. ROV questioning indicated no nationality or flag, no vessel name, no registration, no home port, and a verbal claim by TENORIO of being the

master of the vessel and of the vessel having Colombian nationality. Information was exchanged with the government of Colombia, which could neither confirm nor deny the nationality of any vessel associated with TENORIO and ARBOLEDA. The U.S. Coast Guard therefor assimilated the sunk vessel as stateless, thus subjecting the vessel to the laws of the United States. Both TENORIO and ARBOLEDA claimed Colombian nationality and provided no information on the identity or nationality of the deceased individual.

### Conclusion

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that EFREN TENORIO-COMACHO and JHON ARBOLEDA, while aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a

Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

_____
Gregory P. Satchwell
Special Agent, FBI

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 17th day of November, 2021.

_____
Elizabeth A. Jenkins
United States Magistrate Judge